STATE, Plaintiff-Appellee, v. ANDERSON, Defendants-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 4084. Decided June 11, 1948.

Glen Kemp, Police Prosecutor, City Prison, Stanley Schwartz, Sr., Columbus, Special Prosecutor, for plaintiff-appellee.

Abram Cunix, Lancaster, Roland G. Allen, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal from the judgment of the Municipal Court of Columbus in which the defendant-appellant was found guilty of violating §6307-109 GC.

The automobile in which the defendant-appellant was an occupant collided with the rear of a police cruiser on a street in the City of Columbus. The driver of the automobile was immediately arrested and taken to police headquarters where he was charged with violating the traffic ordinance of the City of Columbus. The defendant-appellant and the other occupant of the automobile followed the two policemen to headquarters and were present at the time the arresting officer made a report to the desk sergeant. While the report was being made the defendant-appellant stated to the desk sergeant that he desired to make a statement relative to the conduct of one of the arresting officers. After the report was completed, the desk sergeant permitted the appellant to make a statement at which time the appellant criticized the conduct of Officer Thomas, one of the arresting officers, stating that, "If he represents the Police Department, it is in a bad way". After the appellant made this statement Officer Thomas became enraged and struck the appellant over the head with a blackjack or some similar instrument. Up to this time no charge had been filed against the appellant. Upon the advice of the Lieutenant of Police, Officer Thomas then filed a charge against appellant, the affidavit stating that "he did unlawfully interfere with, hinder and abuse by using insulting, slanderous and profane language, one officer, Henry Thomas of the Columbus Police Department who was investigating and making a report on an auto accident at 65 Hamilton Avenue in said city, contrary to statute in such case made and provided", etc., "(§6307-109 GC)".

In his assignment of error the appellant contends that the trial court erred in finding him guilty as charged, in that the state failed to show that the police officers were attempting to make an arrest under the Uniform Traffic Act of the State of Ohio as charged; and that the Court erred in finding appellant guilty as charged under §6307-109 GC in that the arrest for a violation of the traffic code was complete at the time of the alleged interference by the appellant and that the police officers were not then attempting to make an arrest.

**Sec. 6307-109 GC** provides as follows:

"Whoever resists, hinders, obstructs or abuses any sheriff, constable or other official while attempting to arrest offenders under any of the provisions of this act, or interferes in any way, with any person charged under the provisions of this act with the enforcement of the law relative to public highways, shall be fined not more than fifty dollars, nor less than ten dollars."

The first part of the above statute makes it a penal offense to resist, hinder, obstruct or abuse a police officer while attempting to make an arrest under the provisions of the state Uniform Traffic Act. The driver was not arrested for violating any provisions of this Act, but for violating the traffic ordinance of the City of Columbus. The charge filed against the appellant does not fall under this provision of the statute since it does not specifically charge the appellant with resisting, hindering, obstructing or abusing the police officers while attempting to make an arrest under the Act. The statute also makes it a penal offense to interfere in any way with a person charged under the provisions of this act with the enforcement of the law relative to public highways. The affidavit filed against the appellant does not specifically charge him with interfering with the police officer while in the act of enforcing the law relative to public highways.

The evidence shows that the appellant made a complaint to the desk sergeant relative to the conduct of the arresting officer. The complaint made in no way interfered with the arresting officer. After giving the evidence a construction most favorable to the state we fail to see where the evidence shows an offense committed by the appellant in violation of §6307-109 GC.

We are of the opinion that the evidence in this case does not support the charge and that the trial court committed prejudicial error, and the charge should have been dismissed. So ordered.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.